COMDISCO, INC., Appellant,

v.

TARRANT COUNTY APPRAISAL DIS-
TRICT AND APPRAISAL REVIEW
BOARD OF TARRANT COUNTY, Ap-
pellee.

No. 2–95–254–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 8, 1996.

Rehearing Overruled Sept. 19, 1996.

James B. Harris, Dallas, for Appellant.

Robert Mott, Joseph T. Longoria, Hous-
ton, C. David Fielder, Arlington, for Appel-
lee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

In this case, a property owner seeks a refund for overpayment of ad valorem taxes made because the owner mistakenly valued a piece of personal property at $13 million instead of $1.3 million. The district court held that the owner, Comdisco, Inc., could not seek a correction of its mistake through section 25.25(c)(1) of the Texas Tax Code. Because we hold that section 25.25(c)(1) allows an appraisal review board to correct the appraisal roll for an owner's clerical errors and because the actual value of the personal property is in question, we reverse and remand.

## BACKGROUND

Comdisco buys, sells, leases, and finances new and used IBM computer equipment, telecommunications equipment, and other capital equipment. After Comdisco paid its 1991 taxes on some 500 pieces of equipment that it owned in Tarrant County, a company employee discovered that it had erroneously listed an IBM Central Processing Unit's value as $13,000,000 instead of $1,300,000 in a rendition form that it had sent to the Tarrant County Appraisal District and Appraisal Review Board of Tarrant County (TCAD). Because of this error, Comdisco paid more in taxes than it should have. TCAD refused to correct the error in the appraisal roll.

Comdisco appealed TCAD's decision to the district court for a trial de novo. On cross-motions for summary judgment, the district court entered summary judgment for TCAD. Comdisco appeals in seven points of error, claiming that the district court erred in granting TCAD's motion for summary judgment, denying Comdisco's motion for summary judgment, and sustaining objections to portions of Comdisco's summary judgment evidence.

## STANDARD OF REVIEW

■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

## CORRECTION FOR CLERICAL ERROR

■ In its first point of error, Comdisco claims that the district court erred in granting Tarrant County's motion for summary judgment and denying Comdisco's on the basis that section 25.25(c) of the Texas Tax Code does not allow correction of the appraisal rolls when a property owner has incorrectly rendered the value of a piece of personal property because of clerical error. Section 25.25 states:

(a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.

. . . .

(c) At any time before the end of five years after January 1 of a tax year, the appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll to correct:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

TEX. TAX CODE ANN. § 25.25 (Vernon 1992). TCAD contends that the phrase "clerical errors" refers only to mistakes made by an appraisal district. Comdisco disagrees, arguing that a taxpayer's errors may also be corrected under section 25.25(c).

The issue to be determined, then, is whether the term "clerical error" in 25.25(c)(1) includes errors made by the taxpayer. The Tax Code defines "clerical error" in section 1.04(18):

(18) "Clerical error" means an error:

(A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; *or*

(B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

TEX. TAX CODE ANN. § 1.04(18) (Vernon 1992) (emphasis added). The only court that has interpreted this definition concluded that section 1.04(18) applies to two types of clerical errors made by the chief appraiser, appraisal review board, or assessor: errors of commission and errors of omission. *Collin County Appraisal Dist. v. Northeast Dallas Assoc.*, 855 S.W.2d 843, 848 (Tex.App.—Dallas 1993, no writ). By reading subsection A and B of section 1.04(18) together, the court held that the definition does not include a taxpayer's clerical error. *Id.* Because "clerical error" includes only those errors made by the taxing authority, section 25.25(c) provides no remedy to correct the tax appraisal roll based on errors made by the taxpayer. *Id.*

We disagree with this interpretation of section 1.04(18).

In interpreting section 1.04(18), the *Northeast Dallas* court read the word "or" between subsections A and B to be synonymous with the word "and." *Id.* Such a construction is strained. When a statute's language is clear and unambiguous, "a court should not use rules of construction or extrinsic aids to construe it, but should give the statute its common meaning." *One 1985 Chevrolet v. State*, 852 S.W.2d 932, 935 (Tex.1993). The word "or" between subsection A and B of section 1.04(18) is disjunctive, meaning that there are two types of clerical errors. In subsection A, there is no restriction that the error be made by the taxing authority. The *Northeast Dallas* court read the definition as though it began, "Clerical error means an error by an appraisal district. . . ." We decline to rewrite the statute in such a way.

■ Despite the unambiguity of section 1.04(18), TCAD urges us to look at legislative history and intent to interpret the statute. However, if the statute is clear and unambiguous, we must seek the intent of the legislature in the plain and ordinary meaning of the words and terms used. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990); *Connors v. Connors*, 796 S.W.2d 233, 237 (Tex.App.—Fort Worth 1990, writ denied). Because we interpret section 1.04(18) by its plain and ordinary meaning, we will not address its legislative history.

Because we hold that the plain meaning of clerical error under section 1.04(18)(A) includes an error made by a taxpayer, an appraisal review board may correct the appraisal roll under section 25.25(c)(1) of the Tax Code for clerical errors made by the taxpayer. The district court erred as a matter of law in granting TCAD's motion for summary judgment. Because of our determination of this issue, Comdisco's points of error two, three, and four, which were argued in the alternative, are moot, and we do not address them.

## SUMMARY JUDGMENT EVIDENCE

■ In points of error five, six, and seven, Comdisco complains that the district court

erred in sustaining objections to multiple paragraphs in the affidavits of its employee, Kathleen Clark, and its valuation expert, Michael Rosen, and in refusing to allow Comdisco to amend the affidavits. We need not address these remaining points of error. With or without the portions of the affidavits that the district court struck, the remaining summary judgment evidence shows that a genuine issue of material fact remains regarding the value of the IBM Central Processing Unit (CPU).

The remaining evidence shows that: (1) Comdisco purchased the CPU for $2,252,000 in 1990; (2) Comdisco's rendition stated that it acquired the CPU for $13,000,000; (3) Comdisco's rendition should have stated that it acquired the CPU for $1,300,000; and (4) the rendition was incorrect because of clerical error. Because of the conflict over the value of the unit, be it $1,300,000 or $2,252,-000, Comdisco has not met its burden in establishing the amount of taxes that it over-paid. Because of this fact issue, the district court did not err in denying Comdisco's motion for summary judgment.

In conclusion, because we hold that section 25.25(c)(1) of the Tax Code allows an appraisal review board to correct the appraisal roll for the taxpayer's clerical errors, we reverse the district court's summary judgment for TCAD. But because there is a genuine issue of material fact about the value of the CPU, we affirm the district court's denial of Comdisco's motion for summary judgment, and we remand for further proceedings consistent with this opinion.