**HANDY HARDWARE WHOLESALE, INC., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

No. 01–97–00549–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 12, 1999.

Thomas Michael Pickford, Gregory J. Dalton, Houston, for appellant.

G. Todd Stewart, Houston, for appellees.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

O'CONNOR, Justice.

Handy Hardware Wholesale, Inc., the plaintiff below and appellant here (the landowner), appeals a trial court's judgment allowing Harris County Appraisal District (the District) and Harris County Appraisal Review Board (the Board), the defendants below and appellees here, to increase the value of the landowner's property for tax years 1992 through 1995 (the Board and the District are collectively referred to as Harris County). In two points of error, the landowner asserts the trial court erred in allowing Harris County to change the value of the landowner's property and in not strictly construing the Texas Tax Code against Harris County.

We affirm.

### Background

This case was tried to the bench on stipulated facts. The landowner owns almost 20 acres of land on which a building and warehouse sit. The District incorrectly listed the warehouse as having 20,125 square feet, instead of 201,250 square feet, on its commercial worksheets. The District's mistake resulted in an incorrect appraisal value. In 1995, the District attempted to correct the square footage records for tax years 1992

through 1995 and increase the appraised value of the landowner's property to include the warehouse's additional 181,125 square feet. After an administrative hearing, the Board allowed the correction. The landowner appealed to the district court.

At trial, the parties stipulated that, if the correction was allowed, the value of the landowner's property should be $3,296,250 for each year from 1992 to 1995. The parties also stipulated that, if the correction was not allowed, the value of the landowner's property would not change. The trial court ruled in Harris County's favor, and this appeal followed.

### Discussion

The issue below and on appeal is whether the Board may change the value of the landowner's property by correcting the warehouse square footage contained in the District's records even though the appraisal roll's description of the property was correct. The appraisal roll described the appellant's property as follows: RES B BLK 11 RESTRICTED CENTRAL INDUSTRIAL PARK 3 R/P ACREAGE 19.9990. The landowner asserts that, because the error does not appear in this description, but instead appears in supporting records, the District's error is not the type of "clerical error" that can be corrected under the Tax Code. Harris County asserts the listing of the warehouse square footage at 20,125 on documents that comprise the appraisal records was a "clerical error," which can be corrected under Section 25.25(c)(1).

The Tax Code defines "appraisal roll" as the "appraisal records, as changed by order of the appraisal review board and approved by that board." Tex. Tax Code § 25.24. The "appraisal records" are defined as including the following:

(1) the name and address of the owner or, if the name or address is unknown, a statement that it is unknown;

(2) real property;

(3) separately taxable estates or interests in real property, including taxable possessory interests in exempt real property;

(4) personal property;

(5) the appraised value of land and, if the land is appraised as provided by Subchapter C, D, or E, Chapter 23 of this code, the market value of the land;

(6) the appraised value of improvements to land;

(7) the appraised value of a separately taxable estate or interest in land;

(8) the appraised value of personal property;

(9) the kind of any partial exemption the owner is entitled to receive, whether the exemption applies to appraised or assessed value, and, in the case of an exemption authorized by Section 11.23 of this code, the amount of the exemption;

(10) the tax year to which the appraisal applies; and

(11) an identification of each taxing unit in which the property is taxable.

*Id.* § 25.02(a).

The appraisal records, once approved by the Board, become the appraisal roll. *Id.* § 25.24. The appraisal roll must describe the property with sufficient certainty to identify it. *Id.* § 25.03. Except as provided in Tax Code Chapters 25, 41, and 42, the appraisal rolls may not be changed. *Id.* § 25.25(a). Chapters 41 and 42 allow for changes to the appraisal roll before the appraisal records are approved by the Board. *Matagorda County Appraisal Dist. v. Conquest Exploration Co.,* 788 S.W.2d 687, 691–92 (Tex.App.— Corpus Christi 1990, no writ).

The Legislature recognized that errors also may occur after the appraisal records are approved. *Id.* at 693. Thus, under Chapter 25, the appraisal rolls may be corrected under the following circumstances:

(c) At any time before the end of five years after January 1 of a tax year, the appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll to correct:

*(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;*

(2) multiple appraisals of a property in that tax year; or

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

Tax Code § 25.25(c) (emphasis added).

The Tax Code defines "clerical error" as the following types of error:

(A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or

(B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

*Id.* § 1.04(18).

The landowner relies on *Dallas Central Appraisal District v. G.T.E. Directories Corporation*, 905 S.W.2d 318 (Tex.App.—Dallas 1995, writ denied), *Collin County Appraisal District v. Northeast Dallas Associates*, 855 S.W.2d 843, 847 (Tex.App.—Dallas 1993, no writ), and *Conquest* for the proposition that, under Section 25.25(c)(1), the "clerical error" must appear *on the appraisal roll itself.* The landowner asserts that, because the parties stipulated that the appraisal rolls were correct, there was no "clerical error" to rectify.

In *G.T.E.*, *Collin County*, and *Conquest*, the trial courts allowed the property owners to change the appraised value of their property based on mistakes in the appraisal records. *G.T.E.*, 905 S.W.2d at 319 (GTE contended a ground shift had rendered its building useless; therefore, the appraisal value should be less); *Collin County*, 855 S.W.2d at 844 (company mistakenly indicated its land was owned by a foreigner; thus, its land did not receive open-land appraisal); *Conquest*, 788 S.W.2d at 689 (Conquest asserted the mineral working interest percentages attributed to it exceeded those it actually owned).

The appellate courts reversed because the property descriptions in the appraisal rolls were correct, even though the underlying appraisal records were not correct. *G.T.E.*, 905 S.W.2d at 322–23 (appraisal roll's description of property as consisting of land and improvements was correct, and roll did not otherwise describe the property; therefore, because the property existed in the form and at the location described in the roll, Section 25.25(c)(3) did not apply); *Collin County*, 855 S.W.2d at 848 (roll reflected appraisal value that resulted from judgment and reasoning, not clerical error; therefore, Section 25.25(c)(1) did not apply); *Conquest*, 788 S.W.2d at 689 (error was judicial rather than clerical in nature because district prepared an accurate appraisal and board, in good faith, approved appraisal records when it did not discover any errors contained therein).

We do not agree that these cases control. The *G.T.E.* court based its holding on Section 25.25(c)(3); we must apply Section 25.25(c)(1). *See G.T.E.*, 905 S.W.2d at 323. The *Collin County* court interpreted Section 25.25(c)(1) as allowing for the correction of errors generated by the appraisal district *only* and not errors generated by the property owner. Therefore, that court may have reached a different result if the error had been made by the appraisal district. *See Collin County*, 855 S.W.2d at 848. The *Conquest* court, which disagreed with the *Collin County* court's interpretation of Section 25.25(c)(1), held that the company was not entitled to a tax refund because the ownership interests reflected in the rolls did not constitute a clerical error as a matter of law. *See Conquest*, 788 S.W.2d at 695. Although *Conquest* provides strong support for the landowner's position, we believe the better reasoning is that contained in *Comdisco, Inc. v. Tarrant County Appraisal District*, 927 S.W.2d 325 (Tex.App.—Fort Worth 1996, writ ref'd).

In *Comdisco*, a property owner sought a refund for overpayment of ad valorem taxes caused when the owner mistakenly submitted a rendition form to the appraisal district valuing its property at $13,000,000, instead of $1,300,000. The appraisal district refused to correct the error in the appraisal roll.

On appeal, the appraisal district (relying on *Collin County* ) asserted that the phrase "clerical errors" referred only to those errors made by an appraisal district and not to those made by a taxpayer. *Comdisco*, 927 S.W.2d at 327. The appraisal district argued that subsections A and B of Section 1.04(18) should be read together. *Id.* The appellate court disagreed, holding that the word "or" between subsections A and B was disjunctive and meant there were two types of clerical errors. *Id.* at 327. The court concluded that subsection A was not limited only to mistakes by taxing authorities, but also included mistakes made by taxpayers. *Id.* The court held that the plain meaning of "clerical error" in Section 1.04(18) included an error made by a taxpayer; therefore, the appraisal review board should have corrected the appraisal roll under Section 25.25(c)(1) for the owner's clerical error. *Id.*

We consider *Comdisco* instructive because, in that case, the property owner was allowed to go behind the tax rolls to correct an error in a form submitted by the owner, thus correcting the appraisal value that appeared in the rolls. *Id.* at 327. If a property owner may correct its "clerical error" in a form that underlies the appraisal rolls, we see no reason why the appraisal district may not correct its "clerical error" in a form that underlies the appraisal rolls.

We overrule points of error one and two.

We affirm the trial court's judgment.