TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00407-CV






William Negley, Appellant



v.



Hays County Appraisal District, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 99-0171, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING 






 William Negley appeals following the district court's dismissal for want of subject
matter jurisdiction of his property tax suit against the Hays County Appraisal District. Negley
contends that his suit was improperly dismissed and that he was entitled to a correction of the
District's appraisal roll related to his property for the tax years 1994 through 1997. (1) See Tex. Tax
Code Ann. § 25.25(b) (West Supp. 1999). We will affirm the district court's dismissal order.


Background


 The district court heard the District's motion to dismiss based on stipulated facts.
Negley owned 86.18 acres in Hays County which was classified as agricultural land. See Tex.
Const. art. I-d-1; Tex. Tax Code Ann. § 23.51 et. seq. (West 1992). The District appraised the
property at $2520 per acre for tax years 1994 through 1996, and at $1746 per acre for tax year
1997. During those years, unbeknownst to Negley and apparently the District, the property was
subject to a publicly recorded flood easement that had been granted by a previous property owner. 

 On July 1, 1998, Negley learned about the existence of the flood easement and
notified the Hays County Appraisal Review Board the same day. For tax year 1998, the District
appraised the property at $250 per acre. On November 11, 1998, Negley filed a motion to correct
the appraisal roll with the Review Board. See Tex. Prop. Tax Code Ann. § 25.25(c) (West 1992).
Negley requested that the District's appraisal roll for tax years 1994 through 1997 be corrected
to reflect a lower property value of Negley's property. The Review Board denied Negley's request
to correct the appraisal roll. 

 Negley timely filed this suit in district court appealing the Review Board's denial
of his section 25.25 motion to correct the appraisal roll and sought to compel the Review Board
to order a change in the appraisal roll for the tax years 1994 through 1997. See Tex. Tax Code
Ann. §§ 42.01(1)(B), 25.25(g) (West 1992 & Supp. 1999). In his petition Negley claimed that
he met all conditions precedent to his right of judicial review of the Review Board's decision and
was entitled to a trial de novo of the Review Board's decision regarding his motion to correct the
District's appraisal roll. See Tex. Tax Code Ann. § 42.23(a) (West 1992) (district court reviews
Review Board's decision by trial de novo). He alleged that "the Hays County Appraisal Review
Board failed to acknowledge that a clerical error had been made in failing to consider the granting
of a flood easement to the Plum Creek Conservation District in 1964, which resulted in a decision
that was arbitrary excessive and unlawful." See Tex. Tax Code Ann. § 25.25(c)(1) (West 1992). 

 The District responded by filing a motion to dismiss Negley's suit for want of
subject matter jurisdiction. The District contended that Negley was only complaining about an
excessive valuation determination by the District which is not among the correctable errors in
section 25.25(c). The District further contended that (1) Negley failed to timely protest the
valuation of his property under Property Tax Code section 41.41; (2) he has no recourse under
Property Tax Code section 25.25(c); and (3) there exists no other provision in the Property Tax
Code that provides for the district court's review of the tax valuations for 1994 through 1997. 
The District contends that, consequently, Negley failed to exhaust his administrative remedies,
the district court is without subject matter jurisdiction, and the district court should dismiss the
suit. Following a hearing, the district court agreed with the District and dismissed Negley's suit. 



Discussion


 Whether a district court has subject matter jurisdiction is a question of law subject
to de novo review. North Alamo Water Supply Corp. v. Texas Dep't of Health, 839 S.W.2d 455,
457 (Tex. App.--Austin 1992, writ denied). In reviewing an order of dismissal for want of
jurisdiction, the reviewing court construes the pleadings in favor of the pleader and looks to the
pleader's intent. See Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). Only matters presented to the district court will be reviewed on appeal from the
order dismissing the suit for want of jurisdiction. Huston v. FDIC, 663 S.W.2d 126, 129 (Tex.
App.--Eastland 1984, writ ref'd n.r.e.). 

 The exclusive remedies available to a taxpayer who wishes to complain about
valuation of property for tax purposes are Property Tax Code section 41.41, to protest a valuation
within a tax year, or Property Tax Code section 25.25, to correct appraisal rolls. See Handy
Hardware Wholesale, Inc. v. Harris County Appraisal Dist., 985 S.W.2d 618, 619 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). A taxpayer who fails to exhaust these administrative
remedies loses the right to complain later in district court, and the district court lacks subject
matter jurisdiction to hear any such complaint. Adams v. Kendall County Appraisal Dist., 724
S.W.2d 871, 875 (Tex. App.--San Antonio 1986, no writ). 

 In his original petition and at the hearing before the district court, Negley
contended that the District made a clerical error in failing to acknowledge a publicly recorded
flood easement on his property which resulted in the excessive valuation of his property in tax
years 1994 through 1997. Negley requested that the district court order the District to correct the
clerical error and change the appraisal roll under section 25.25(c). The District responded that
Negley's complaint was one of valuation, involving an error in determination, evidence or
reasoning, and was not a clerical error correctable under section 25.25(c). The District contended
that, because the error was not a clerical error under section 25.25, the district court was without
jurisdiction over the suit. 

 Appraisal rolls may not be changed except as provided in Property Tax Code
sections 25.25 and 41.41. See Tex. Tax Code Ann. §§ 25.25(a), 41.41 (West 1992). (2) Negley
made no attempt to have the appraisal rolls changed under section 41.41. See Tex. Tax Code
Ann. § 41.41 (West 1992) (landowner entitled to protest to review board appraised value of
property within tax year). Negley's only attempt to change the valuation of his property is
pursuant to section 25.25. We review the district court's determination that it was without
jurisdiction because there was no clerical error under section 25.25(c).


Clerical Error

 At issue is the following portion of Section 25.25(c):


At any time before the end of five years after January 1 of a tax year; the appraisal
review board, on motion . . . of a property owner, may direct by written order
changes in the appraisal roll to correct:


(1) clerical errors that affect a property owner's liability for a tax imposed in that
tax year.



Tex. Prop. Code Ann. § 25.25(c)(1) (West Supp. 1999). The Tax Code defines "clerical error"
as an error 


(A) that is or results from a mistake or failure in writing, copying, transcribing,
entering, or retrieving computer data, computing, or calculating; or 


(B) That prevents an appraisal roll or a tax roll from accurately reflecting a finding
or determination made by the chief appraiser, the appraisal review board, or the
assessor; however, "clerical error" does not include an error that is or results
from a mistake in judgment or reasoning in the making of the finding or
determination.



Tex. Tax Code Ann. § 1.04(18) (West 1992) (emphasis added). 

 Negley contends that due to a clerical error or omission the District lacked
information regarding the flood easement which prevented the District from accurately appraising
Negley's property for 1994 through 1997. 

 Whether an alleged error is clerical is a question of law for the court to decide. 
Matagorda County Appraisal Dist. v. Conquest Exploration Co., 788 S.W.2d 687, 693 (Tex.
App.--Corpus Christi 1990, no writ). An error is clerical if it is not the result of reasoning,
evidence, or determination. Fort Bend Central Appraisal Dist. v. Hines Wholesale Nurseries, 844
S.W.2d 857 (Tex. App.--Texarkana 1992, writ denied). 

 Several courts have construed what is and what is not a clerical error. See id.
(incorrect listing of percentage interests in oil and gas properties not clerical error); Comdisco,
Inc. v. Tarrant County Appraisal Dist., 927 S.W.2d 325 (Tex. App.--Fort Worth 1996, writ ref'd)
(misplaced comma was clerical error and correctable when landowner submitted property value
as $13,000,000 rather than actual value of $1,300,000); Handy Hardware, 985 S.W.2d at 618
(calculation was clerical error and correctable when district listed commercial property as 20,125
feet rather than actual 201,250 feet). 

 In this case there was no mistake or failure in transcription or calculation or in
entering or retrieving computer data. Additionally, there was no mistake in writing or copying.
We hold that the alleged error was not a "clerical error" as defined in section 1.04(18)(A). 

 The alleged error, the failure to consider the flood easement when making the 1994
through 1997 appraisals, was one of evidence that required reasoning to determine the effect of
the easement on the market value of the property. The error was not an objective fact that was
misstated on the record and, once corrected, the market value of the property could be calculated
easily. Even after taking the easement into account the District would be required to reason and
weigh evidence to come up with a subjective opinion about the value of the Negley's property. 
We hold that the alleged error was not a "clerical error" as defined in section 1.04(18)(B). 


Conclusion


 Because Negley's alleged error was not a clerical error the district court was
without subject matter jurisdiction of this cause. We overrule Negley's issue and affirm the
district court's dismissal order. 



 


 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 4, 1999

Do Not Publish
1.   In his original petition Negley asserted that he also was entitled to a correction of the
appraisal roll for the 1993 tax year. In his reply brief he concedes that the 1993 tax year is
outside the statutory time period for requesting a correction and that he is not entitled to a
correction for tax year 1993. See Tex. Tax Code Ann. § 25.25 (c) (West 1992). We will address
only whether the district court erred in dismissing Negley's suit for the 1994 through 1997 tax
years.
2.   Appraisal records make up the appraisal roll and include all identifying and valuation
information about property that is taxable in the district. See Tex. Tax Code Ann. § 25.02(a)
(West 1992). Appraisal records, once approved by the Review Board, become the appraisal roll. 
See Tex. Tax Code Ann. § 25.24 (West 1992).



y owner, may direct by written order
changes in the appraisal roll to correct:


(1) clerical errors that affect a property owner's liability for a tax imposed in that
tax year.



Tex. Prop. Code Ann. § 25.25(c)(1) (West Supp. 1999). The Tax Code defines "clerical error"
as an error 


(A) that is or results from a mistake or failure in writing, copying, transcribing,
entering, or retrieving computer data, computing, or calculating; or 


(B) That prevents an appraisal roll or a tax roll from accurately reflecting a finding
or determination made by the chief appraiser, the appraisal review board, or the
assessor; however, "clerical error" does not include an error that is or results
from a mistake in judgment or reasoning in the making of the finding or
determination.



Tex. Tax Code Ann. § 1.04(18) (West 1992) (emphasis added). 

 Negley contends that due to a clerical error or omission the District lacked
information regarding the flood easement which prevented the District from accurately appraising
Negley's property for 1994 through 1997.