MARUBENI AMERICA
CORPORATION,
Appellant,

v.

HARRIS COUNTY APPRAISAL DIS-
TRICT and Harris County Apprais-
al Review Board, Appellees.

No. 01–04–00107–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 2004.

Bernard Lilse Mathews, III, Green &
Mathews, III, Houston, for Appellant.

Mario L. Dell'Osso, Olson & Olson,
Houston, TX, for Appellees.

Panel consists of Justices TAFT,
JENNINGS, and BLAND.

## OPINION

TERRY JENNINGS, Justice.

In this ad valorem property tax case,
appellant, Marubeni America Corporation
(Marubeni), challenges the trial court's
rendition of summary judgment in favor of
appellees, the Harris County Appraisal
District (HCAD) and the Harris County
Appraisal Review Board (HCARB) (collec-
tively, the taxing authorities). In its sole
issue, Marubeni contends that the trial
court erred in granting the taxing authori-
ties' motion for summary judgment and in
denying Marubeni's motion for summary
judgment because the summary judgment
evidence established, as a matter of law,
that, due to a clerical error, Marubeni had
inaccurately reported the value of its in-
ventory to HCAD for appraisal and taxa-
tion.

We affirm.

## Factual and Procedural Background

In 2000, Marubeni, a commodity trading
company, owned and stored mixed xylene [1]
in two leased tanks located in Harris
County. In April 2001, Marubeni submit-
ted a "Report of Stored Product Invento-
ry" to HCAD in which Marubeni's repre-
sentative, E.B. Andrew, stated that, as of

1. The record indicates that mixed xylene is a
liquid chemical used in the solvents industry
and as a gasoline fuel additive.

January 1, 2001, Marubeni's inventory of mixed xylene totaled 584,261.83 gallons and was valued at $2,439,192. HCAD then appraised and taxed this inventory based on the value listed in the report.

In October 2002, Marubeni timely filed a "Personal Property Correction Request / Motion" with HCAD requesting a correction of the 2001 appraisal roll and listing the basis for the requested correction as "[p]roperty over-appraised by more than 1/3." In its motion to correct the appraisal roll, Marubeni's Vice–President, H. Onodera, explained, "The warehouse report was not available at the timing [sic] of filing the original 2001 rendition. The value of the inventory was incorrectly computed." Onodera also stated that the correct value of the 2001 inventory was $855,193. Following a hearing, HCARB subsequently denied Marubeni's motion to correct the appraisal roll.

Marubeni subsequently filed a lawsuit against the taxing authorities, seeking a judgment directing the taxing authorities to correct the 2001 appraisal roll to reflect the "proper" value of Marubeni's mixed xylene inventory and to refund any overpayment of ad valorem property taxes resulting from the adjusted value. Marubeni also filed a motion for summary judgment arguing that, as a matter of law, the figures that Marubeni had submitted to HCAD in the 2001 inventory report regarding both the volume and the value of its mixed xylene inventory amounted to "a clear case of clerical error" and were subject to correction under the provisions of section 25.25(c) of the Tax Code.[2]

As summary judgment evidence, Marubeni submitted the affidavit of its Assistant Marketing Manager, Cathy Wolfe. Wolfe stated that the 2001 inventory report contained "inadvertent errors in both the quantity of material ... and the value of that material" and that "[t]he error was apparently created by Mr. Andrew using internal reports that were not intended to accurately reflect the year-end volume." Wolfe explained that, in its 2001 inventory report, Marubeni had understated the volume of its mixed xylene inventory and had overstated its inventory's value. Wolfe stated that the actual volume of mixed xylene held in Marubeni's inventory in January 2001 was 880,216.92 gallons and that its market value was $855,193.[3]

The taxing authorities responded to Marubeni's motion for summary judgment and filed their own joint motion for summary judgment, arguing that, as a matter of law, the mistakes Marubeni allegedly made in its 2001 inventory report were not clerical errors, or alternatively, that material fact questions existed concerning whether such mistakes constituted clerical errors. In support of their response and their motion, the taxing authorities also relied on portions of Wolfe's affidavit, as well as excerpts from her deposition testimony.

At her deposition, Wolfe testified that she could not recall whether or not she had ever spoken to Andrew. It was Wolfe's understanding, based on what she had been told by another Marubeni employee, that Andrew had obtained the figure for the value of the 2001 mixed xylene inventory from an internal balance sheet used to

---

2. TEX. TAX CODE ANN. § 25.25(c) (Vernon 2001).

3. This figure matches the value submitted by Onodera in Marubeni's motion to correct the 2001 appraisal roll. However, we note that, in its original petition and in its motion for summary judgment, Marubeni asserts that the

proper value of its 2001 mixed xylene inventory was "$854,487.80." The record contains no explanation for this discrepancy between Marubeni's pleadings and its summary judgment evidence.

track stored material. Wolfe explained that the figure from that balance sheet did not reflect all of the deliveries of mixed xylene that Marubeni had made to its customers before the end of 2001. Wolfe also identified Maggie Tan, a Marubeni employee in its Houston, Texas office, as the person who had given Andrew the incorrect information regarding the volume of the 2001 inventory. However, Wolfe admitted that, although Marubeni routinely received daily reports from another company regarding the volume of its inventory, she did not know how Tan had arrived at that incorrect figure and that she had not determined the source of that miscalculation.

The trial court subsequently denied Marubeni's motion for summary judgment and granted summary judgment for the taxing authorities.

## Standard of Review

A party moving for summary judgment must conclusively prove, as a matter of law, all of the elements of its cause of action or defense. TEX.R. CIV. P. 166a(c); *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex.2001). When, as here, both sides move for summary judgment, and the trial court grants one motion but denies the other, a reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). The determination of whether an alleged error constitutes a "clerical" error is a matter of law. *Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,* 844 S.W.2d 857, 858 (Tex.App.-Texarkana 1992, writ denied).

## Clerical Errors

Here, Marubeni concedes that the information that it provided to the taxing authorities was the source of any error that occurred in the appraisal of its 2001 mixed xylene inventory. The parties also do not dispute that, in effect, the trial court ruled that, as a matter of law, the mistakes that Marubeni alleges that it made in submitting its 2001 inventory report were not clerical errors. In its sole issue, Marubeni argues that the trial court erred in denying its motion for summary judgment and in granting summary judgment in favor of the taxing authorities.

Under the provisions of the Tax Code, an appraisal review board may correct an appraisal roll for clerical errors made by a taxpayer in its rendition of the value of its own taxable personal property. TEX. TAX CODE ANN. § 25.25(c) (Vernon 2001); *Comdisco, Inc. v. Tarrant County Appraisal Dist.,* 927 S.W.2d 325, 327 (Tex.App.-Fort Worth 1996, writ ref'd). With regard to the correction of such clerical errors, the Tax Code provides, in part, as follows:

> The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct:
>
> (1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;....

TEX. TAX CODE ANN. § 25.25(c). A "clerical error" is defined as an error:

> (A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or
>
> (B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a

mistake in judgment or reasoning in the making of the finding or determination.

*Id.* § 1.04(18) (Vernon 2001).

Marubeni relies on *Comdisco* in support of its assertion that its alleged mistakes in submitting the amounts of the volume and value of its 2001 mixed xylene inventory amounted to clerical errors. In *Comdisco,* the taxpayer submitted information to a taxing authority listing the value of its taxable property at "$13,000,000" instead of "$1,300,000." 927 S.W.2d at 326. The court of appeals held that, under the provisions of section 25.25(c) of the Tax Code, the taxpayer's alleged mistake was the result of a clerical error, and the court of appeals reversed the summary judgment that had been granted in favor of the taxing authority and remanded the case for a determination of the actual value of the property. *Id.* at 327–28.

We note that, in *Comdisco,* the taxpayer's alleged error resulted from the addition of an extra decimal place. *Id.* at 326; *see also Handy Hardware Wholesale, Inc. v. Harris County Appraisal Dist.,* 985 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (holding that taxing authority's incorrect listing of warehouse as having 20,125 square feet instead of 201,250 square feet was correctable "clerical" error under section 25.25(c) of the Tax Code). Here, Marubeni alleges that the errors in its 2001 inventory report resulted from its employees' use of incorrect information and were merely the result of mistakes in "writing, copying, transcribing, entering or retrieving computer data, computing, or calculating." *See* TEX. TAX CODE ANN. § 1.04(18). However, Marubeni offered no summary judgment evidence from the persons who made the alleged errors, and its representative, Wolfe, testified that she had not determined the source or the reason for all of the alleged errors. Accordingly, based on the summary judg-

ment record presented, we hold that Marubeni did not establish, as a matter of law, that its alleged errors were "clerical errors" subject to correction under section 25.25(c) and thus, the trial court did not err in denying Marubeni's motion for summary judgment.

The taxing authorities argue that, as a matter of law, the types of errors allegedly made by Marubeni do not amount to clerical errors as that term is defined by the Tax Code and by the cases interpreting that provision. *See Comdisco,* 927 S.W.2d at 327–28; *Handy Hardware Wholesale,* 985 S.W.2d at 619. We agree. We hold that the summary judgment evidence submitted by Marubeni concerning the alleged proper figures for its 2001 mixed xylene inventory established that Marubeni's employees did not commit errors merely in "writing, copying, transcribing, entering or retrieving computer data, computing, or calculating." Rather, its employees simply submitted figures based on allegedly incorrect information. Wolfe testified that Andrew had obtained the figures for the volume and the value of the 2001 inventory from another employee and from an internal balance sheet, respectively.

Accordingly, we hold that, based on the summary judgment record presented, the taxing authorities established, as a matter of law, that Marubeni's alleged errors were not clerical errors subject to correction under section 25.25(c), and we further hold that the trial court did not err in granting summary judgment in favor of the taxing authorities.

We overrule Marubeni's sole issue.

## Conclusion

We affirm the judgment of the trial court.