*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# OPINION

No. 04-08-00021-CV

Xavier **REYES** and Wife Maria del Rosario T. Reyes,
Appellants

v.

Eligio E. **SAENZ**, Jr. and Wife Martha Saenz,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-06-287
Honorable Alex W. Gabert, Judge Presiding

## ON APPELLEE'S MOTION FOR REHEARING

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:    August 29, 2008

REVERSED AND REMANDED

        This is an appeal from the trial court's summary judgment rendered in favor of appellees.

In an opinion and judgment dated July 9, 2008, we reversed and remanded after a determination that

appellees did not establish their entitlement to summary judgment as a matter of law. Appellees filed

a motion for rehearing. To clarify our discussion on the issue of necessity, we vacate our earlier

judgment, withdraw our earlier opinion, and issue this opinion and judgment in their place. Concluding our original decision was correct, we overrule appellees' motion for rehearing.

## BACKGROUND

Appellants, Xavier Reyes and Maria del Rosario T. Reyes own sixty acres of land, which they acquired in 1978 from Francisca Thrash. Appellees, Eligio E. Saenz, Jr. and Martha Saenz own approximately eighty-seven acres of land, which they acquired in 1970 from the previous owners, who in turn had acquired the land from Francisca Thrash in 1965. There is no dispute that the land owned by the Saenzes is surrounded by land owned by others, and that the Saenzes' land does not abut a public road. The underlying dispute involves the use of a road that leads from the Saenzes' land across Mrs. Thrasher's land and across the Reyeses' land to a public road. In October 2006, the Saenzes sued the Reyeses asking for a declaratory judgment on their right of way across the Reyeses' property for the purpose of accessing the Saenzes' property. The Saenzes also asked that the Reyeses be permanently enjoined from interfering with their use and enjoyment of the roadway across the Reyeses' property. In their petition, the Saenzes based their request for relief on five theories: implied easement appurtenant, easement by implication, easement by necessity, easement by estoppel, and easement by prescription. The Saenzes later moved for summary judgment on three of their five theories: implied easement appurtenant, easement by implication, and easement by necessity. The trial court rendered summary judgment in favor of the Saenzes "under the various legal theories pled by them." This appeal by the Reyeses ensued.

## NO-EVIDENCE SUMMARY JUDGMENT

The Saenzes moved for both a no-evidence summary judgment and a traditional summary judgment. The basis of the Saenzes' no-evidence motion was that the Reyeses had "failed to

produce any evidence to negate or disprove the essential elements of [the Saenzes'] claims." Although the trial court did not state whether it was granting the no-evidence motion or the traditional motion or both, we construe the court's statement that the Saenzes were entitled to summary judgment "under the various legal theories pled by them" as granting a traditional summary judgment. We also note that the Saenzes, as plaintiffs, were not entitled to a no-evidence summary judgment on their own claims. The Texas Rules of Civil Procedure allow a party to move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim ... on which an *adverse party would have the burden of proof at trial*." TEX. R. CIV. P. 166a(i) (emphasis added). The Saenzes had the burden of proof on their easement claim; therefore, they were not entitled to a no-evidence summary judgment on that claim.

### TRADITIONAL SUMMARY JUDGMENT

The Saenzes' petition asserted five theories as the basis for their requested relief; however, they moved for a traditional summary judgment on only three of those grounds: implied easement appurtenant, easement by implication, and easement by necessity. Accordingly, to the extent the trial court rendered judgment in favor of the Saenzes on the two grounds not raised in their motion, the Saenzes were not entitled to summary judgment on the theories of easement by estoppel and easement by prescription. We thus narrow our review to whether the Saenzes established their entitlement to summary judgment as a matter of law under the remaining three grounds.

A plaintiff, as movant, must conclusively prove all essential elements of his or her claim to be entitled to summary judgment. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986). The movant bears the burden of showing there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c). When reviewing a summary judgment,

we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

An essential element common to all three theories under which the Saenzes sought relief is the element of necessity. *See Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207-08 (Tex. 1962) (stating an easement is appurtenant when it is necessary and essential to the enjoyment of the dominant estate; to prove an easement by implication, the use must be necessary to the use of the dominant estate); *Koonce v. J.E. Brite Estate,* 663 S.W.2d 451, 452 (Tex. 1984) (stating one of the required elements to establish an easement by necessity is that "access must be a necessity and not a mere convenience"). Because necessity is the common, and dispositive element for the purpose of this appeal, we further narrow our review to whether the Saenzes carried their burden of showing there are no genuine issues of material fact on the element of necessity, and we do not consider whether they met their burden on the remaining elements of their theories of recovery.

There is no dispute the Saenzes must cross property owned by another in order to access their acreage. "[A]n easement by necessity is not defeated by proof that the party seeking the easement has 'a mere license to use a way across the land' of another." *Crone v. Brumley*, 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied). However, the party seeking to establish an easement by necessity must prove he has no other legal access to his property. *Id.* The party seeking to establish an easement by necessity also must prove that the necessity existed at the time the estates were severed. *See Koonce*, 663 S.W.2d at 452 (an element necessary to establish an implied easement by necessity is that the necessity must exist at the time of severance of the two estates); *Perkins v. Krauter Family P'ship, Ltd.*, No. 04-03-00166-CV, 2004 WL 2097516, at *1 (Tex.

App.—San Antonio Sept. 22, 2004, no pet.) (mem. op., not designated for publication) (holding same as to an implied easement appurtenant); *Daniel v. Fox*, 917 S.W.2d 106, 110 (Tex. App.—San Antonio 1996, writ denied) (holding same as to an easement by implication). In their motion for summary judgment, the Saenzes asserted "the use of the road was necessary because it was, and still is, the only *practicable* way to reach [the Saenzes'] landlocked property. There is no other *practicable* means of access." [Emphasis added.] The Saenzes did not assert there exists *no other legal access* to their property, whether at the time of severance or at present time, and no summary judgment evidence was offered to support, or explain, their contention that access across the Reyeses' property was the "only practicable way" to reach the Saenzes' landlocked property. Conclusory statements contained in a motion for summary judgment do not constitute summary judgment evidence. *See* TEX. R. CIV. P. 166a(c) (prohibiting oral evidence in summary judgment determination); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995) (noting pleadings are not competent summary judgment evidence); *Madeksho v. Abraham, Watkins, Nichols & Friend,* 57 S.W.3d 448, 455 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (noting conclusions in motion for summary judgment or response are not summary judgment evidence).

Also, in their response to the Saenzes' motion, the Reyeses point to the testimony of Xavier Reyes, which the Saenzes attached to their motion for summary judgment, in which Xavier is questioned as follows:

> Q. All right. And are you aware of whether or not Eligio [Saenz] has any other method of getting to a public roadway, other than through Mrs. Thrash's property and through your property?

A.      He's even going through my, my easement that I bought outright several times, and also through the ranch, *through other places*.  [Emphasis added]

Q.      Through what other places sir?

A.      *Through mine and Bazans and Manuel Reyes too*.  He's been using it, not right now because he locked the gates. [Emphasis added]

Xavier Reyes' testimony raises a genuine issue of material fact on whether the Saenzes have other possible legal means of access to their property and on whether access across the Reyeses' property is a necessity, as opposed to a mere convenience.  *See Mitchell v. Castellaw*, 151 Tex. 56, 246 S.W.2d 163, 168 (1952) (holding the question of necessity "is one of mixed law and fact and accordingly one for the fact finder in the ordinary case.").

## CONCLUSION

We conclude the Saenzes failed to conclusively prove an essential element common to all three of the theories on which they moved for summary judgment.  Accordingly, the trial court erred in rendering summary judgment in favor of the Saenzes.  We reverse the trial court's judgment and remand for further proceedings.[1]

Sandee Bryan Marion, Justice

---

[1] We decline to address the Reyeses' first and third issues as they are not dispositive to this appeal.  TEX. R. APP. P. 47.1.