

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00170-CV

STACY FAMILY ENTERPRISES, INC.                                           APPELLANT

V.

TARRANT APPRAISAL DISTRICT                                               APPELLEE

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Stacy Family Enterprises, Inc. appeals the trial court's order granting summary judgment in favor of appellee Tarrant Appraisal District (TAD). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I. Background

Stacy is a furniture retailer that maintains its inventory in three locations within TAD's jurisdiction. TAD appraised the market value of Stacy's inventory for its ad valorem taxes in 2007, 2008, and 2009. In September 2011, Stacy filed a motion to correct the tax rolls for 2007, 2008, and 2009 with the Tarrant Appraisal Review Board (TARB). *See* Tex. Tax Code Ann. § 25.25(c)(1) (West Supp. 2013). Stacy argued that TAD relied on Stacy's good-faith estimates of its inventory's market value and did not conduct an independent evaluation. Additionally, Stacy complained that TAD made no deductions for depreciation as it should have in accordance with the tax code's cost-method formula. *See id.* § 23.011 (West 2008). TAD's method, according to Stacy, inflated the appraised market value of the inventory. Following a hearing, TARB upheld TAD's appraisal values and denied Stacy's motion.

In December 2011, Stacy filed suit against TAD and TARB, seeking judicial review of TARB's decision.[2] *See id.* § 42.01(a)(1)(B) (West Supp. 2013) (permitting a taxpayer to seek judicial review of "a determination of an appraisal review board on a motion filed under Section 25.25"). TAD filed a traditional motion for summary judgment, arguing that Stacy's complaint regarded a substantive re-evaluation that was not reviewable by a motion to correct under section 25.25 of the tax code. *See id.* § 25.25(c)(1). Stacy responded to TAD's

---

[2]Stacy later non-suited TARB, and it is not a party to this appeal.

motion and filed a no-evidence and traditional motion for summary judgment, arguing that TAD's "failure[s] to compute or calculate the market value of [Stacy's] inventories . . . [were] clerical errors." The trial court granted TAD's motion for summary judgment and denied Stacy's motion. Stacy now brings two issues on appeal.

## II. Discussion

## A. Summary Judgment

In its first issue, Stacy maintains that the trial court erred by denying its no-evidence summary judgment motion. However, Stacy's entire argument on appeal centers on the grant of TAD's summary judgment. Out of an abundance of caution, we will address both the denial of Stacy's no-evidence motion for summary judgment and the grant of TAD's traditional motion for summary judgment. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) ("[C]ourts of appeals [should] construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.") (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)); *see Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 388 (Tex. 2008).

### 1. Standard of review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the

3

light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

## 2. The trial court properly denied Stacy's no-evidence motion for summary judgment

Rule of civil procedure 166a(i) permits a party to move for "summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). Thus, only a party without the burden of proof may move for no-evidence summary judgment. *See id.*; *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.); *Reyes v. Saenz*, 269 S.W.3d 675, 676–77 (Tex. App.—San Antonio 2008, no pet.).

4

Stacy argues that the trial court should have granted its no-evidence summary judgment because TAD "ha[d] no evidence of its own showing the appraised values of [Stacy's] inventories"; therefore, TAD could "make no defense, whatsoever, disputing [Stacy's] evidence." At trial, Stacy would have had the entire burden of proof to establish its claim under section 25.25(c) of the tax code. *Compare* Tex. Tax Code Ann. § 25.25(c)(1), *and Matagorda Cnty. Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687, 693 (Tex. App.— Corpus Christi 1990, no writ) (stating that taxpayer may obtain benefit of tax roll correction "if he proves that § 25.25(c) applies to his situation"), *with* Tex. Tax Code Ann. § 41.43(a) (West Supp. 2013) (placing burden of proof on appraisal district to establish value of property at administrative hearing). Further, TAD did not assert any affirmative defense to Stacy's claim; thus, TAD would have shouldered no burden to produce any evidence of its defense. *Cf. MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 81 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]n a protest of the property's appraised value . . . the appraisal district has the burden of establishing both the property's value and the appraisal's equality.").

Stacy could not properly move for no-evidence summary judgment. *See* Tex. Tax Code Ann. §§ 25.25(c)(1), 42.01(a)(1)(B); *Reyes*, 269 S.W.3d at 678. Even assuming that TAD had appraised Stacy's inventory incorrectly, evidence of this alone would be insufficient to establish Stacy's right to summary judgment under its section 25.25 claim. *See* Tex. Tax Code Ann. § 25.25(c). Stacy would

still have to establish that TAD's error was clerical. *See id.* We overrule this part of Stacy's first issue.

### 3. The trial court properly granted summary judgment in favor of TAD

In its motion for summary judgment, TAD argued that Stacy's petition sought a substantive re-evaluation of the tax rolls, which was not reviewable by a motion to correct under section 25.25(c) of the tax code. The tax code provides that "[t]he appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct . . . clerical errors that affect a property owner's liability for a tax imposed in that year." *Id.* § 25.25(c)(1). The tax code defines "clerical error" as:

> [A]n error:
>
> (A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or
>
> (B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, 'clerical error' does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

*Id.* § 1.04(18)(A), (B) (West 2008).

Stacy contends that TAD committed a clerical error when it calculated the market value of Stacy's property for its ad valorem taxes in the years 2007, 2008, and 2009. Specifically, Stacy maintains that TAD failed to independently evaluate the market value of Stacy's inventory and failed to make depreciation

6

deductions, which amounted to a "failure in . . . calculating" under section 1.04(18)(A) of the tax code. *Id*. § 1.04(18)(A). Whether an alleged error constitutes a clerical error is a question of law reviewed de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008), *cert. denied*, 556 U.S. 1221 (2009); *Matagorda Cnty. Appraisal Dist.*, 788 S.W.2d at 693.

A similar issue was addressed in *Lack's Valley Stores, Ltd. v. Hidalgo County Appraisal District*, No. 13-10-00500-CV, 2011 WL 2475843 (Tex. App.— Corpus Christi June 23, 2011, pet. denied) (mem. op.). In that case, Lack's Valley, a furniture store, disputed the county appraisal district's assessment of the taxable values of Lack's Valley's inventory. *Id*. at *1. Lack's Valley argued that the appraisal district committed a clerical error when it calculated the market value of the store's inventory without accounting for depreciation. *Id*. Lack's Valley maintained that this was a clerical error subject to review pursuant to section 25.25(c) of the Texas Tax Code. *Id*. The trial court granted summary judgment in favor of the appraisal district because any error in calculating the value of Lack's Valley's inventory was not "clerical" as defined by the tax code. *Id*. at *2.

In affirming the trial court's judgment, the appellate court opined that "[t]he failure to account for depreciation is outside of the scope intended by the definition of 'clerical error' pursuant to section 1.04(18) of the Tax Code." *Id.* at *3. Any errors by the appraisal district were in its "methodology, procedure, and/or computation," which were "substantive issues that address the actual

7

valuation of the property itself." *Id.* at *4. Therefore, the store's sole method of challenging the valuation was through the appeals process set forth in chapter 41 rather than section 25.25(c). *Id.*; *see also* Tex. Tax Code Ann. § 41.43 (allowing a property owner to protest appraisal district's determination of property value).

A similar reasoning was adopted in *Dallas Central Appraisal District v. Southwest Airlines Co.*, No. 05-10-00682-CV, 2012 WL 210964 (Tex. App.— Dallas January 24, 2012, pet. denied) (mem. op.). In that case, the taxpayer sought re-evaluation of its property, alleging that it had committed an error in calculating or computing the values it had rendered to the taxing authorities because it had utilized the wrong formula. *Id.* at *1. The taxpayer maintained that the calculation error was clerical in nature pursuant to section 25.25(c)(1). *Id.* The trial court granted summary judgment in favor of the taxpayer. *Id.* at *2.

The taxing authorities appealed, arguing that the taxpayer "made no error in the mathematical calculation; consequently, there [was] no clerical error." *Id.* at *3. The appellate court agreed that the error was not clerical because the taxpayer's calculation was not the result of transposed numbers or mistakes in the mathematical process. *Id.* Instead, the taxpayer was seeking to revise the methodology it used to calculate its renditions. *Id.* In reversing the trial court, the appellate court noted that "[a]pplying one methodology when another is either called for or would produce better results is simply not a clerical error as that term is contemplated by the statute." *Id.*

8

We agree with these interpretations of "clerical error."[3] For the years in dispute, TAD's appraisal method involved accepting Stacy's renditions of its inventory's market value and making no further depreciation deductions. TAD deliberately utilized this methodology and the figures in the annual notices sent to Stacy accurately reflected TAD's determination of the value of Stacy's inventory. *See Lack's*, 2011 WL 2475843, at *3 (noting that appraisal district's failure to account for depreciation "was the byproduct of a deliberate determination" and "not properly defined as a clerical error"). Stacy does not allege that TAD transposed any numbers, copied the wrong figures, or committed any errors in adding, subtracting, multiplying, or dividing. *See Sw. Airlines Co.*, 2012 WL 210964, at *3 (refusing to hold that a failure to use the correct methodology is equivalent to a "failure to calculate"). Although TAD might have used a flawed methodology, it did not make any error or failure in "writing, copying, transcribing, entering or retrieving computer data, computing, or calculating" the appraised

---

[3]In its brief on appeal, Stacy claims that *Lack's* conflicts with this court's opinion in *Comdisco, Inc. v. Tarrant County Appraisal District*, 927 S.W.2d 325 (Tex. App.—Fort Worth 1996, writ ref'd). Stacy failed to further explicate its contention, and we fail to see the conflict. In *Comdisco*, we held, "The word 'or' between subsection A and B of section 1.04(18) is disjunctive, meaning that there are two types of clerical errors." *Id.* at 327. In *Lack's*, the Corpus Christi Court of Appeals held that the appraisal district's error was not clerical under either subsection's definition. 2011 WL 2475843, at *3–4; *see also Lack's Stores, Inc. v. Gregg Cnty. Appraisal Dist.*, No. 06-10-00125-CV, 2011 WL 3963013, at *2–3 (Tex. App.—Texarkana Sept. 9, 2011, pet. dism'd w.o.j.) (mem. op.) (stating that the rationale of *Comdisco* "is neither important to, nor applicable to" the question of whether "allegation of a failure by the taxing entity to use all of the proper considerations in calculating a tax liability").

amount.  *See* Tex. Tax Code Ann. § 1.04(18)(A); *Marubeni Am. Corp. v. Harris Cnty. Appraisal Dist.*, 168 S.W.3d 860, 863 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (distinguishing the facts of *Comdisco* and holding that figures submitted to the appraisal district that were based on allegedly incorrect information were not clerical errors under subsection (A)).

Stacy's desired correction to the appraisal roll is not ministerial or objective; instead Stacy seeks a substantive re-evaluation of the property's market value.  *See Anderton v. Rockwall Ctr. Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied) ("In enacting section 25.25(c) of the tax code, the legislature specifically set forth . . . limited corrections . . . includ[ing] only objective and ministerial matters such as clerical errors . . . [and] not includ[ing] the substantive reevaluation of a property's market value.").  Further, TAD's failure to make depreciation deductions was not a "clerical error" as defined by 1.04(18)(A).  *See* Tex. Tax Code Ann. § 1.04(18)(A); *Lack's*, 2011 WL 2475843, at *3.  As a matter of law, Stacy could not establish that TAD committed a "clerical error" subject to correction under section 25.25(c) of the tax code.  *See* Tex. Tax Code Ann. § 25.25(c).  The trial court therefore properly granted TAD's summary judgment motion.[4]  We overrule the remainder of Stacy's first issue.

_____

[4]Stacy makes the argument, for the first time on appeal, that TAD's summary judgment evidence is conclusory.  Although such objections may be raised for the first time on appeal, *see Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004), we do not need to reach

## 4. The trial court properly applied section 1.04(18)

In its second issue, Stacy maintains that the trial court's grant of summary judgment for TAD was erroneous because it applied the tax code's definition of "clerical error" from section 1.04(18)(B) (an error that "prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor" except for a "mistake in judgment or reasoning") rather than section 1.04(18)(A) (an error resulting from a "mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating"). *See* Tex. Tax Code Ann. § 1.04(18)(A), (B).

Although nothing in the trial court's order states which definition of "clerical error" it applied, Stacy's claim fails under both subsections of 1.04(18). As we noted above, TAD's alleged erroneous evaluation of the market value was not the result of an error in its calculation. TAD did not err in applying basic mathematical principles in its addition, subtraction, multiplication, or division. Instead, TAD used a different mathematical formula. An error in judgment does

Stacy's objections. The affidavit of which Stacy complains concerns TAD's calculation procedure, a fact issue that we need not reach because Stacy's complaint fails as a matter of law.

Stacy also makes objections that the motion itself "contains many inaccurate, conclusory[,] and unsupported statements, some of which are misleading." None of Stacy's attacks on the complained-of statements address the central issue of whether Stacy may bring its challenge to its properties' appraisals under section 25.25(c) as a matter of law. They therefore do not factor in to our analysis here and we do not address them.

not fall within the bounds of either subsection of 1.04(18). *See id.* § 1.04(18)(A), (B); *Gregg Cnty. Appraisal Dist.*, 2011 WL 3963013, at *3 (stating that section 1.04(18) does not alter the traditional definition of clerical error "as one that does not result from reasoning or determination"). We overrule Stacy's second issue.

### III. CONCLUSION

Having overruled both of Stacy's issues, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: December 12, 2013