**Reversed in Part, Affirmed in Part, and Remanded, and Memorandum Opinion filed April 9, 2019.**



In The

# Fourteenth Court of Appeals

---

NO. 14-18-00017-CV

---

### HARRIS COUNTY APPRAISAL DISTRICT, Appellant

### V.

### NATALIE BOYAKI, Appellee

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2017-12580**

---

### MEMORANDUM OPINION

Appellee Natalie Boyaki filed suit against appellant, Harris County Appraisal District (HCAD), seeking judicial review of HCAD's decision denying her the full homestead exemption on the property where she had lived for more than fifteen years. *See* Tex. Tax Code Ann. § 11.13. Boyaki also sought a reduction in the appraised value of the property, as well as a writ of mandamus directing HCAD to allow her homestead exemption. HCAD filed a plea to the

jurisdiction arguing that the trial court did not have jurisdiction over Boyaki's claims because she did not exhaust her administrative remedies. The trial court denied HCAD's plea.

In its first issue, HCAD argues that the trial court did not have subject matter jurisdiction over Boyaki's cause of action challenging the appraised value of her property for the years 2011 through 2015 because she did not administratively challenge those values at the appropriate time. We agree with HCAD that Boyaki was required to exhaust her administrative remedies before seeking judicial review and because she did not, the trial court did not have subject matter jurisdiction over this cause of action. We sustain HCAD's first issue.

HCAD argues in its second issue that Boyaki did not exhaust her administrative remedies regarding the homestead exemption on her property for all years from 2011 through 2015 thereby depriving the trial court of subject matter jurisdiction. We overrule this issue because there is a fact issue on the timeliness of Boyaki's notice of protest regarding HCAD's homestead exemption decision.

HCAD argues in its third issue that the trial court erred when it denied its plea to the jurisdiction challenging Boyaki's cause of action seeking a writ of mandamus compelling HCAD to allow her a full homestead exemption on her property for the years 2011 through 2015. Because this issue is the subject of an ongoing trial de novo in the district court, which may result in the requested relief being granted to Boyaki, we conclude that her mandamus claim is not ripe, thereby depriving the trial court of subject matter jurisdiction.

Because we have determined that the trial court does not have subject matter jurisdiction over two of Boyaki's claims, we reverse the trial court's denial of HCAD's plea to the jurisdiction on both Boyaki's attempted challenge to the appraised value of her property for the years 2011 through 2015 and her writ of

2

mandamus cause of action, and remand them to the trial court with instructions to dismiss these claims for lack of subject matter jurisdiction. Having overruled HCAD's second issue, we affirm the trial court's order denying HCAD's plea on Boyaki's claim addressing the homestead exemption for her property for the years 2011 through 2015, and remand to the trial court for further proceedings.

## BACKGROUND

Boyaki, her sister Amanda, her father Walter, and Walter's wife Marcia, acquired the property at issue in this appeal in 1997. The Boyakis jointly applied for a homestead exemption for the property in 1998 and received it. The homestead exemption remained in effect through 2015. According to HCAD's records, the Boyakis did not file any protests regarding the value of the property in any of the ensuing years through 2015. In 2015, Amanda transferred her interest in the property to Natalie. According to HCAD, as a result of the change in ownership, the property was no longer eligible for the homestead exemption that had begun in 1998.

Boyaki applied for a 2016 homestead exemption on behalf of herself and her father on March 28, 2016.[1] Boyaki stated on the application that she owned a two-thirds interest in the property and her father owned a one-third interest. Boyaki filed a protest concerning the property's 2016 homestead exemption on April 6, 2016.[2] In a letter dated April 15, 2016, HCAD requested additional information it believed was missing from Boyaki's homestead exemption application. Walter

---

[1] The record is unclear when Marcia Boyaki ceased being an owner of the property. There appears to be no dispute however, that once Amanda Boyaki transferred her interest in the property to Boyaki, Boyaki and her father Walter were the only remaining owners.

[2] Boyaki handwrote on the protest form the following: "This was and continues to be a homestead. It has been a homestead and claimed as such for over 15 years." She also stated that she believed the property's value was $399,000.

responded on behalf of his daughter on April 27, 2016. Walter forwarded a copy of the deed HCAD had requested and closed the letter by stating that Boyaki "has owned and resided in the house since 1997. Let me know if you need anything further."

Boyaki apparently learned sometime thereafter that HCAD had denied her homestead exemption application because she personally appeared before an Appraisal Review Board (ARB) panel regarding her protest. The parties reached an agreement that same day, an agreement that Boyaki believed included a restoration of the homestead exemption on her property. The resolution of the dispute between Boyaki and HCAD appears on a document titled "ARB Panel Recommendation." While signed by the members of the ARB, Boyaki's signature does not appear on the document. The "ARB Panel Recommendation" indicates that the status was "settled" and that the protest had been dismissed by agreement of the parties. The document further indicates that the appraised value was reduced from $553,719 down to $439,230. Cryptically, the document states only that homestead exemption was "N/A."

HCAD eventually granted Boyaki the 2016 homestead exemption, but also decided that it had erroneously granted the homestead exemption from 2011 through 2015. HCAD sent Boyaki a "supplemental correction tax bill" seeking the previously unpaid taxes. On November 2, 2016 Walter wrote HCAD a letter in response stating: "As you might recall, the district took our homestead exemption away and we were able to have it reinstated. Now, the district has removed the exemption for the year[s] 2011-2015. See attached supplemental correction tax bill. Would you kindly reinstate the exemption for these years." Walter's letter concluded "Let me know if you need anything further from us. I have attached the correction form for the years 2011-2015 as required by the Tax Assessor's Office."

As he mentioned in the letter, Walter included an HCAD Real Property Correction Request/Motion asserting that the "Homestead Exemption was removed by error for years 2011 – 2015." Included on the correction request form was Boyaki's "request that the [ARB] schedule a hearing to decide whether or not to correct the error in the appraisal roll. I request that the [ARB] send notice of the time, date, and place fixed for the hearing, not later than 15 days before the scheduled hearing. I understand that if the chief appraiser approves the changes requested, this action constitutes a binding agreement and is not subject to appeal or review by the ARB."

The chief appraiser did not accept Boyaki's proposed change. The record does not indicate that the ARB ever scheduled Boyaki's requested hearing. HCAD instead sent Boyaki, on December 1, 2016, a letter notifying her that, for the years 2011 through 2015, she had been "granted [a] 33% Residential Homestead Exemption based on your percentage of ownership of the property." The December 1, 2016 letter further informed Boyaki that she could "appeal this decision by filing a written notice of protest within 30 days from the date of this letter."[3] Boyaki filed a protest with the ARB dated January 10, 2017, the fortieth day after the December 1, 2016 letter. The ARB wrote Boyaki that it could not consider her protests for tax years 2011through 2015 because they were not timely filed.

In response, Boyaki filed this suit, claiming that her homestead exemption had been wrongfully denied for the years in question. Boyaki later amended her lawsuit, adding claims that her property was both excessively and unequally

---

[3] We note at this point that HCAD was incorrect on the timing requirement for filing a protest. The Tax Code provides that a protest must be in writing and filed "not later than . . . the 30th day after the date that notice to the property owner *was delivered to the property owner* as provided by Section 25.19 . . . ." Tex. Tax Code Ann. § 41.44(a)(2) (emphasis added).

appraised for those years. HCAD eventually filed a plea to the jurisdiction. Boyaki responded to the plea and also filed a second amended petition adding an additional claim seeking a writ of mandamus ordering HCAD to grant the homestead exemption. The trial court denied HCAD's plea to the jurisdiction. HCAD filed this interlocutory appeal soon thereafter.

ANALYSIS

## I.      Standard of review and applicable law

HCAD's issues all challenge whether the trial court had subject matter jurisdiction to consider Boyaki's claims. The existence of subject matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a trial court's ruling on a plea de novo. *See Miranda,* 133 S.W.3d at 226, 228; *Woodway Drive LLC v. Harris Cnty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *See Miranda*, 133 S.W.3d at 227. The movant, in this case HCAD, must meet the summary-judgment standard of proof by conclusively demonstrating that the trial court lacks subject matter jurisdiction. *See id.* at 227–28. We credit as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.* at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court may not grant the plea, and the fact issue will be resolved at trial by the factfinder. *Id.* at 227–28. If relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the

6

trial court rules on the plea as a matter of law.

Pursuant to Chapter 41 of the Tax Code, property owners are entitled to administratively protest certain actions related to property taxes to an appraisal review board. *See* Tex. Tax Code § 41.41(a). Section 41.41 outlines eight actions that may be protested by a property owner to an appraisal review board, including "denial to the property owner in whole or in part of a partial exemption." *Id.* § 41.41(a)(4). In addition, subsection (a)(9) authorizes a general protest of "any other action of the chief appraiser [or] appraisal district . . . that applies to and adversely affects the property owner." *Id.* § 41.41(a)(9). "[T]o take advantage of this option, generally, a property owner must file a written notice of protest within thirty days after the owner receives a notice of the appraised value of the property." *Bauer-Pileco, Inc. v. Harris Cnty. Appraisal Dist.*, 443 S.W.3d 304, 310 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see* Tex. Tax Code Ann. § 41.44(a). An appraisal review board must schedule and hold a hearing on the property owner's protest. Tex. Tax Code § 41.45.

A "residence homestead" is partially exempted from property taxes by a portion of its assessed and appraised value. *See* Tex. Tax Code § 11.13. A protest asserting that a property qualifies for exemption from taxation under section 11.13 is properly raised through Chapter 41 proceedings before an appraisal review board. *See Harris Cnty. Appraisal Dist. v. Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2009, pet. denied) (mem. op.) (resolving appeal from trial de novo in trial court following completion of administrative review process). The administrative review process is intended to resolve most tax protests at the administrative level, relieving the burden on the court system in the process. *Harris Cnty. Appraisal Dist. v. ETC Mktg.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). "With

7

exceptions that do not apply to this case, the procedures prescribed by the Tax Code for adjudication of the grounds of protest authorized by that statute (which include complaints regarding an alleged homestead exemption) are exclusive." *Houston Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 638 (Tex. App.— Houston [14th Dist.] 2006, pet. denied). A property owner may file a petition for review in district court against the appraisal district to appeal an order by an appraisal review board determining the owner's protest. Tex. Tax Code §§ 42.01, 42.21. Review in the district court is by trial de novo. *Id.* § 42.23(a). "A taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (internal quotation marks omitted).

## II. The trial court does not have jurisdiction over Boyaki's excessive and unequal valuation causes of action because she did not administratively protest the property's value at the appropriate time.

HCAD argues in its first issue that the trial court did not have subject matter jurisdiction over Boyaki's causes of action seeking judicial review of the market value and equality of appraisal of her property for the years 2011 through 2015. Because the evidence is undisputed that Boyaki did not protest these matters during any of the years in question, we agree with HCAD. Boyaki did not pursue the administrative review process for the market value and equality of appraisal of her property during any of the years in question; thus, the trial court did not have subject matter jurisdiction over these causes of action and should have granted HCAD's plea to the jurisdiction. *Id.* Because the trial court did not, we sustain HCAD's first issue on appeal.

## III. The trial court did not err when it denied HCAD's plea to the jurisdiction on Boyaki's homestead exemption cause of action.

8

In its second issue, HCAD asserts that the trial court erred when it denied its plea to the jurisdiction on Boyaki's homestead exemption claim because she did not timely file a protest complaining of HCAD's retroactive reduction of the homestead exemption on the property. Because there is at least a fact issue on whether Boyaki timely filed a protest in response to HCAD's action, we disagree.

As detailed above, after it granted Boyaki a homestead exemption on her property for 2016, HCAD decided that it had erroneously granted the property a full homestead exemption for the previous five years. *See* Tex. Tax Code § 11.43(i) (requiring chief appraiser to back-appraise erroneously exempted property). As a result of that decision, HCAD, on October 17, 2016, sent Boyaki a "supplemental correction tax bill' seeking payment for the taxes it believed were now owed as a result of that mistake. Boyaki, within thirty days of the date of the bill, on November 2, 2016, objected to the bill and asked HCAD to correct what she believed was an error by HCAD. Boyaki also asked HCAD to schedule a hearing on whether it would "correct the error in the appraisal roll." It is undisputed that HCAD never scheduled Boyaki's requested hearing. HCAD instead notified Boyaki that she had been granted a partial homestead exemption for the years 2011 through 2015. It also notified Boyaki that she could appeal this decision by filing a timely protest. HCAD's notice was dated December 1, 2016.

Boyaki filed a notice of protest, dated January 10, 2017, with HCAD. HCAD argued in the trial court, and argues again on appeal, that Boyaki's protest was not timely because it was filed more than thirty days after the date of the December 1, 2016 notice.[4] While it is undisputed that Boyaki's protest was filed

---

[4] HCAD contends in its appellate briefing that the trial court also did not have jurisdiction because there was no ARB order for the trial court to review. We disagree. On December 16, 2016, HCAD sent Boyaki a notice that it was restoring a partial homestead exemption on her property for the years 2011 through 2015. HCAD itself recognized this letter constituted an

9

more than thirty days after the date of HCAD's December 1 notice, that is not what the statute requires. The Tax Code provides that a protest is timely if it is filed within thirty days after the appraisal district notice is delivered to the owner. *See* Tex. Tax Code § 41.44(a)(1) (stating that a written protest is timely if it is filed not later than the "30th day after the date that notice to the property owner was delivered to the property owner . . . ."). The record does not contain any evidence establishing the date on which HCAD's notice was delivered to Boyaki. We conclude that there is at least a fact issue on whether Boyaki's notice of protest was timely filed. As a result, HCAD did not meet its burden to conclusively demonstrate that the trial court lacked subject matter jurisdiction over Boyaki's homestead exemption cause of action. *See Vitol, Inc. v. Harris Cnty. Appraisal Dist.*, 529 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If the evidence creates a fact issue regarding the jurisdictional issue, then the trial court may not grant the plea, and the fact issue will be resolved at trial by the factfinder."). We hold that the trial court did not err when it denied HCAD's plea to the jurisdiction on Boyaki's homestead exemption cause of action. We overrule HCAD's second issue.

## IV. The trial court does not have subject matter jurisdiction over Boyaki's writ of mandamus cause of action because it is not ripe.

In its third issue HCAD contends the trial court erred when it denied its plea to the jurisdiction on Boyaki's suit seeking a writ of mandamus compelling HCAD

---

action that Boyaki could protest because it notified her of her right to file a written notice of protest if she so chose. Boyaki attempted to do so with her January 10, 2017 letter. HCAD sent a letter, dated February 9, 2017, notifying Boyaki that it was denying her a hearing on her January 10, 2017 notice of protest because it was untimely filed. We conclude that HCAD's February 9, 2017 notice letter qualifies as an appealable order under the Tax Code. *See* Tex. Tax Code Ann. § 42.01(a)(1)(A).

to allow her a full homestead exemption on the property. We conclude that Boyaki's writ of mandamus cause of action presents a ripeness issue.

Ripeness is a component of subject-matter jurisdiction. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). As such, ripeness is a legal issue that a court may raise sua sponte. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The ripeness inquiry focuses on whether the case involves uncertain or contingent future events that may not occur as anticipated, or, may not occur at all. *Lazarides v. Farris*, 367 S.W.3d 788, 801–02 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A case is not ripe when the question whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or on events that have not yet come to pass. *Gibson*, 22 S.W.3d at 852. To allow adjudication of a claim that is not ripe would be the essence of an advisory opinion. *Lazarides*, 367 S.W.3d at 802. Boyaki's judicial review cause of action seeking the full homestead exemption on her property is still pending in the trial court. Boyaki may, or may not, receive the same remedy she seeks through her writ of mandamus claim by following through with the procedures laid out in the Tax Code for judicial review of an administrative decision. Therefore, her writ of mandamus cause of action depends on future events that may or may not occur. We hold it is not ripe and the trial court did not have jurisdiction over it as a result. *City of Anson v. Harper*, 216 S.W.3d 384, 395 (Tex. App.—Eastland 2006, no pet.); *Gibson*, 22 S.W.3d at 852.

## CONCLUSION

Having concluded that the trial court did not have subject matter jurisdiction over Boyaki's causes of action seeking a reduction in the appraised value of her property for the years 2011 through 2015, and her writ of mandamus cause of action, we reverse the trial court's order denying HCAD's plea to the jurisdiction

11

on those claims and remand to the trial court with instructions to dismiss them for lack of subject-matter jurisdiction. Having overruled HCAD's second issue, we affirm the trial court's order denying HCAD's plea to the jurisdiction on Boyaki's cause of action seeking judicial review of HCAD's denial of the full homestead exemption for her property, and remand that claim to the trial court for further proceedings.



/s      Jerry Zimmerer
         Justice


Panel consists of Justices Christopher, Zimmerer, and Hassan.