**AFFIRMED IN PART; REVERSED IN PART; REMANDED; and Opinion Filed March 22, 2023**



In the

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00182-CV

**HUNT WOODBINE REALTY CORP., Appellant**
**V.**
**DALLAS CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-07266**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Wright[1]
Opinion by Justice Carlyle

Hunt Woodbine Realty Corp. sued the Dallas County Appraisal District to remove certain property from its appraisal rolls for tax years 2011 through 2015. On cross-motions, the trial court granted summary judgment in favor of DCAD, and Hunt appeals. We reverse to the extent the trial court granted DCAD's motion, affirm to the extent the trial court denied Hunt's motion, and remand for further proceedings consistent with this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] The Honorable Carolyn Wright, Justice, Assigned

This dispute involves property-tax assessments for certain parking lots located near the Reunion Hotel in Dallas. Hunt owned the parking lots and leased them to nonparty Reunion Hotel, LP, which owned and operated the hotel. As the respective owners of the properties, Hunt paid the taxes assessed on the parking lots, while Reunion paid the taxes assessed on the hotel.[2]

Hunt contends that during the relevant tax years, DCAD erroneously assessed the parking lots' value directly to Hunt while simultaneously assessing the parking lots' value indirectly to Reunion as part of the hotel's "economic unit." According to Hunt's experts, an "economic unit" is:

> [a] combination of parcels in which land and improvements are used for mutual economic benefit. An economic unit may comprise properties that are neither contiguous nor owned by the same owner. However, they must be managed and operated on a unitary basis and each parcel must make a positive economic contribution to the operation of the unit.

Hunt's experts assert that "[i]t is standard practice in Texas for real estate appraisers to value economic units as a whole rather than appraise each individual part of the economic unit independently." One way to do this is by valuing an economic unit according to the income it generates. This method, according to Hunt's experts, captures the value contributed by each of the unit's subparts, even if those subparts do not directly contribute income to the unit.

---

[2] Both Hunt and Reunion are subsidiaries of nonparty parent corporation Hunt Consolidated, Inc. We note that DCAD has not moved to abate the case on the ground that Reunion is a necessary party to any judgment determining the parties' rights with respect to the alleged multiple appraisals. *See* TEX. R. CIV. P. 39.

Hunt contends that by assessing the hotel to Reunion based on its income, DCAD necessarily captured the parking lots' value, and thus, DCAD erred by separately assessing the parking lots against Hunt. To address this purported error, Hunt filed a motion seeking to remove the separate parking-lot assessments from the appraisal roll on the ground that they were based on "multiple appraisals of a property" in each tax year. *See* TEX. TAX CODE § 25.25(c)(2). After the chief appraiser and the appraisal review board denied Hunt's motion, Hunt filed this lawsuit for a trial de novo in the district court. *See id.* §§ 42.21, 42.23. The parties ultimately filed cross motions for summary judgment, which the trial court resolved in DCAD's favor.

When both sides move for summary judgment, and the trial court grants one motion and denies the other, we review the evidence, determine all questions presented, and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Our consideration is limited to the issues expressly presented in the motions. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341–42 (Tex. 1993).

We begin with DCAD's motion. DCAD argued that Hunt could not receive relief because: (1) allowing such relief under section 25.25(c)(2) would upset the "delicate legislative balance" between taxpayers' rights and appraisal-roll finality reflected under Chapter 41's protest procedures; (2) section 25.25(c)(2) does not

authorize "going behind the roll to revalue property or to change the appraised value in the roll"; (3) section 25.25(c)(2) does not authorize relief unless the property in question is listed twice on the face of the appraisal roll; and (4) Hunt provided no evidence that DCAD appraised the property multiple times in each relevant tax year. We reject these arguments.

First, allowing relief would not upset the "delicate legislative balance" between taxpayers' rights and appraisal-roll finality reflected under Chapter 41's protest procedures. To the contrary, section 25.25(c) is part of that legislative balance, providing a procedure for correcting certain types of errors notwithstanding Chapter 41. *See* TEX. TAX CODE § 25.25(a) ("Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed."). We remind DCAD that our precedent still forecloses its repeated arguments on this issue. *See Dallas Cent. Appraisal Dist. v. Sears Roebuck & Co.*, No. 05-97-01382-CV, 2000 WL 1195684, at *2–4 (Tex. App.—Dallas Aug. 23, 2000, no pet.) (mem. op.); *GE Capital Corp. v. Dallas Cent. Appraisal Dist.*, 971 S.W.2d 591, 594 (Tex. App.—Dallas 1998, no pet.).

With respect to DCAD's second and third arguments, nothing in section 25.25(c)(2) prevents a court from considering evidence beyond the appraisal roll. DCAD relies on a line of cases in which courts, including ours, have held it is inappropriate to "look behind the appraisal roll" when addressing challenges under

–4–

section 25.25(c)(3).[3] But that section, unlike section 25.25(c)(2), specifically refers to the manner in which property is "described in the appraisal roll." *See* TEX. TAX CODE § 25.25(c)(3); *see also Handy Hardware Wholesale, Inc. Inc., v. Harris Cnty. Appraisal Dist.*, 985 S.W.2d 618, 620–21 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (distinguishing cases decided under section 25.25(c)(3) and holding that going "behind the appraisal roll" is permissible to determine challenges under different subsections).

We also reject DCAD's argument that there is "no evidence" showing it appraised the parking lots multiple times in each relevant tax year. Hunt's summary judgment evidence included expert testimony that: (1) the parking lots are part of an economic unit; (2) the typical process for appraising economic units involves assessing the entire unit based on its income; (3) DCAD assessed value for the parking lots to Reunion in each relevant tax year by appraising the hotel complex based on its income; (4) DCAD assessed value for the parking lots separately to Hunt during each relevant tax year using a different appraisal method; and (5) although DCAD uses software to avoid this sort of error, it did not properly utilize that software in this case. This evidence sufficiently raises a fact issue as to whether

---

[3] *See, e.g., Bauer-Pileco, Inc. v. Harris Cnty. Appraisal Dist.*, 443 S.W.3d 304, 312 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Titanium Metals Corp. v. Dallas Cnty. Appraisal Dist.*, 3 S.W.3d 63, 67 (Tex. App.—Dallas 1999, no pet.); *Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 322 (Tex. App.—Dallas 1995, writ denied).

DCAD included the value of the parking lots in multiple appraisals during the relevant tax years.

And there is no evidence to support the assertion in DCAD's motion that if it did "appraise the hotel as an economic unit and determined that the parking lots were part of that economic unit," then the economic unit's "total value would be subdivided and allocated to the 10 specifically described property accounts and placed on the Tax Roll with a value on each of the 10 parcels that would add up to the total value of the economic unit." In fact, DCAD failed to attach any evidence to support its motion. Thus, we conclude the trial court erred to the extent it granted DCAD's motion.

That said, Hunt also failed to establish entitlement to summary judgment. Although Hunt's experts opined that there were multiple appraisals, their testimony was not conclusive on that issue. Hunt's evidence does not establish what value, if any, DCAD attributed to the parking lots in its assessments against Reunion. Moreover, Hunt's evidence does not conclusively refute DCAD's assertion that, even if it had considered the parking lots as part of the hotel complex's economic unit, it would have divided the total value of the unit and allocated it among the unit's various parcels. Consequently, the value it assessed to Hunt would represent the value it assessed for the parking lots, regardless of how it appraised Reunion's property. Although DCAD failed to attach any evidence to support that assertion, it does not mean Hunt's affidavits are conclusive. *See City of Keller v. Wilson*, 168

–6–

S.W.3d 802, 816 (Tex. 2005) ("Undisputed evidence and conclusive evidence are not the same—undisputed evidence may or may not be conclusive, and conclusive evidence may or may not be undisputed.").

And even had Hunt conclusively established multiple appraisals, the record would not have established Hunt's entitlement to the section 25.25(c)(2) remedy it seeks—removing its own assessments from the appraisal roll. The fact that nonparty Reunion may have also paid taxes based on the same property does not conclusively establish that Hunt is entitled to have its own assessments removed from the appraisal roll. Moreover, if a party may obtain section 25.25(c)(2) relief based on an assessment issued to a third party,[4] Hunt has not demonstrated that it—rather than Reunion—is the proper party for relief in this case. Hunt owned the parking lots, and it contractually agreed with Reunion that it would pay any taxes due on the property. Hunt does not conclusively establish how Reunion would be responsible for paying any taxes attributable to the parking lots as a matter of law, requiring DCAD to remove Hunt's assessments from the appraisal roll. The trial court did not err by denying Hunt's motion for summary judgment.

---

[4] DCAD's motion does not expressly raise this issue. Thus, even if we concluded that section 25.25(c)(2) applies only if the party seeking relief received more than one appraisal for the relevant tax year, we could not affirm the trial court's judgment on that basis. *See* TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341–42.

We reverse to the extent the trial court granted DCAD's motion, affirm to the extent the trial court denied Hunt's motion, and remand the case for further proceedings consistent with this opinion.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

220182F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HUNT WOODBINE REALTY
CORP., Appellant

No. 05-22-00182-CV     V.

DALLAS CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-07266.
Opinion delivered by Justice Carlyle.
Justices Garcia and Wright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** to the extent the trial court granted the Dallas Central Appraisal District's motion for summary judgment, **AFFIRM** to the extent the trial court denied Hunt Woodbine Realty Corp.'s motion for summary judgment, and **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered March 22, 2023.